PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK C. WALTON,

        Plaintiff,

    v.                                              23-CV-6556-DGL
                                                      ORDER
OFFICER EVAN KALPIN,[1]

        Defendant.
_____

*Pro se* Plaintiff, Derrick C. Walton, filed a complaint asserting claims under 42 U.S.C. § 1983.  Docket Item 1 (the "original complaint").  He alleged that he was falsely arrested in the City of Rochester, New York and unlawfully detained for thirty days at the Monroe County Jail (the "Jail").  *Id.*  He also alleged that his property confiscated during the arrest was not returned.  *Id.*  The Court previously granted Plaintiff's application to proceed *in forma pauperis* and screened his original complaint under 28 U.S.C. § 1915(e)(2)(B).  Docket Item 3 (the "initial screening order").

In the initial screening order, the Court: (1) addressed the elements required to plead claims alleging false arrest, deprivation of property, and *Monell*[2] liability against the City of Rochester and the County of Monroe; (2) dismissed without leave to amend Plaintiff's claims against Defendants Judge Michael C. Lopez and Officer Brian Flint; and

---

[1] The Clerk of Court is directed to amend the caption of this action as set forth above because the amended complaint, Docket Item 4, names only Officer Evan Kalpin as a defendant.  Further, the Court's Order entered January 31, 2024 (initial screening order), directed the Clerk of Court to terminate Hon. Michael Lopez and Officer Brian Flint as defendants because Plaintiff's claims against them were dismissed with prejudice.  Docket Item 3 at 12.

[2] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality cannot be liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort").

1

(3) dismissed Plaintiff's claims of false arrest, due process, and *Monell* liability with leave to amend.  Docket Item 3 at 12.

Plaintiff timely filed an amended complaint against Officer Evan Kalpin only, Docket Item 4, which the Court now screens under 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 39 F.3d 106, 112 (2d Cir. 2004).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**I.    THE AMENDED COMPLAINT**

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004),

2

even a *pro se* complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim. *See id.* (concluding that district court properly dismissed *pro se* complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*). And even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's amended complaint alleges only that Officer Kalpin "forcibly detain[ed] [him] while brandishing a firearm," which caused him to be "held against his will" at the Jail for thirty days. Docket Item 4 at 5. This, he claims, deprived him of "life, liberty, and [the] pursuit of happiness." *Id.* He seeks monetary relief for the thirty days he was detained. *Id.*

### A.   False Arrest

The original complaint alleged that Plaintiff was falsely arrested by Officer Kalpin on June 27, 2022. Docket Item 1 at 3-4; *see also* Docket Item 3 at 3. The initial screening

order set forth the elements of a false arrest claim under the Fourth Amendment: (1) "'the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'"  Docket Item 3 at 6 (citing *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021)).  Probable cause is a "complete defense" to a false arrest claim.  *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014).

Because the original complaint set forth no facts regarding the circumstances of his arrest, the Court found that Plaintiff had failed to allege a false arrest claim but granted him leave to amend that claim.  Docket Item 3 at 6-7.  Plaintiff's amended complaint is no better than the original complaint because plaintiff's amended complaint also fails to allege the requisite elements of a false arrest claim.  Plaintiff alleges only that Officer Kalpin brandished a weapon when he arrested him.  This does not set forth a plausible false arrest claim and thus the false arrest claim must be dismissed with prejudice. *Henderson v. Hannah*, No. 20-cv-1628, 2021 WL 1565311, at *3 (D. Conn. Apr. 21, 2021) (dismissing *pro se* plaintiff's claim because "[n]o allegations in [the] amended complaint regarding" the claim "correct the deficiencies . . . identified in [the] initial review order"); *see also Jordan v. New York*, 21-CV-544-LJV, 2021 WL 3292200, at *3 (W.D.N.Y. Aug. 2, 2021) (denying second opportunity to amend because plaintiff had been "afforded every reasonable opportunity to demonstrate that [s]he has a valid claim" (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014))).

### B. Excessive Force

Plaintiff alleges that Officer Kalpin brandished a firearm when he arrested Plaintiff. Docket Item 4 at 5.  Because the Court must liberally construe the amended complaint to

4

raise the strongest argument it suggests, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996), the Court construes this allegation as asserting an excessive force claim under the Fourth Amendment.

The Fourth Amendment prohibits the use of excessive force in effecting an arrest and courts employ a "reasonableness" standard to determine whether the force used was excessive. *Graham v. Connor*, 490 U.S. 386, 394-96 (1989). To assess "whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). This requires careful analysis of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Factors to consider include:

> the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Figueroa v. Mazza*, 825 F.3d 89, 105 (2d Cir. 2016) (quoting *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 251-52 (2d. Cir. 2001)).

Other than alleging that Officer Kalpin brandished a firearm, Plaintiff sets forth no facts supporting a plausible Fourth Amendment violation. *See Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "Generally, merely brandishing or pointing a gun, absent aggravating circumstances such as a death threat, does not constitute excessive force in violation of

5

the Fourth Amendment." *Mason v. Besse*, No. 20cv246, 2020 WL 2523506, at *7 (D. Conn. May 8, 2020) (citing *Merrill v. Schell*, 279 F. Supp. 3d 438, 446 (W.D.N.Y. 2017) ("[T]he Second Circuit has never explicitly recognized an excessive-force claim in the absence of physical contact . . . . So threats alone, and brandishing weapons alone, do not clearly violate an arrestee's right.")); *Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 WL 5730605, at *15 (S.D.N.Y. Sept. 30, 2015) (collecting cases supporting proposition that "merely drawing" a weapon without firing it "does not constitute excessive force as a matter of law").

Accordingly, to the extent Plaintiff intended to allege an excessive force claim it is dismissed without leave to amend. *See Cuoco*, 222 F.3d at 112 (affirming denial of leave to amend where amendment would be futile).

**C.     Due Process**

Plaintiff's allegation that he was denied "life, liberty, and [the] pursuit of happiness" when he was incarcerated for thirty days following his arrest, Docket Item 4 at 5—construed as an alleged violation of his due process rights—fails to state a claim and must be dismissed. First, conclusory allegations of a civil rights violation do not suffice to state a plausible claim for relief. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning."); *see also Cavico v. Steuben Cnty. Jail*, No. 18-CV-06329, 2018 WL 11317396, at *3 (W.D.N.Y. Aug. 27, 2018) ("[I]t is well established that general, vague and conclusory claims of constitutional violations fail to state a claim upon which relief can be granted under

6

§ 1983"). Second, "[w]here a § 1983 plaintiff alleges a cause of action protected by an 'explicit textual source' of the Constitution, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing that claim." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)) (some internal quotation marks omitted). Plaintiff's claims arise under the Fourth Amendment and therefore he does not state a generalized claim for a violation of his Fourteenth Amendment right to due process.[3] Because any amendment of this claim would be futile, further leave to amend is denied. *Cuoco*, 222 F.3d at 112.

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) or 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[3] Plaintiff's claim that he was denied due process under the New York State Constitution "as well," Docket Item 4 at 5, is also dismissed without leave to amend because, even assuming the Court exercises supplemental jurisdiction over this claim, *see* 28 U.S.C. § 1367(a) & (c), courts in this Circuit "have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under [§] 1983." *Talarico v. Port Auth. of N.Y & N. J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (quoting *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013)).

7

**ORDER**

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice; and it is further

ORDERED, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 19, 2024.